## Weierbach v. Strauss.

*Practice, C. P.—Rule to strike off a rule—Laches.*

1. It is not good practice to ask for a rule to strike off a rule.

2. Where a matter has not been proceeded in with due diligence, application should be made to the court to enter a *non pros.*

Rule to show cause why rule to open and strike off judgment should not be discharged. C. P. Northampton Co., Feb. T., 1921, No. 172; April T., 1921, No. 21, *Fi. Fa.*

*Frank P. McCluskey* and *Robert E. James*, for plaintiff.

*Smith & Paff*, for defendant.

STEWART, P. J., Nov. 1, 1926.—This is a petition, filed Feb. 8, 1926, to show cause why a rule to open and strike off a judgment, &c., should not be declared discharged for want of prosecution. To this rule an answer was promptly filed on March 5, 1926, and to that answer a reply was equally as promptly filed on March 26, 1926. From the latter day to the present nothing was done. It appears that the original rule was granted on March 21, 1921. To that rule an answer and a replication were filed. The present matter is one of practice. First, is it correct practice to grant a rule to strike off a rule? The mere statement should have a negative answer. If a rule to strike off a rule could be considered, why not have another rule to strike off the second rule? The confusion thus resulting would be intolerable. The office of a rule is well set forth in an address by the late Chief Justice Mitchell, delivered May 15, 1879, and published under the title, "Motions and Rules at Common Law," a book that should be read and studied. That book refers to the Philadelphia practice. In it we find, on page 25, as follows: "The General Motion List is called three times, and rules not answered to are *discharged*. This is the only list in which rules are discharged as of course, without consideration. The reason is that this is a clearance list to get rid of the rules and motions that have been abandoned or have served their purpose, without having been formally disposed of, and are cumbering the lists and the dockets to no good purpose. For the same reason, a continuance of a rule on this list is not of course, even by consent of both parties, and is not usually allowed, except upon satisfactory cause shown to the court." Again, on pages 32 and 33, he says: "A second rule, after the discharge of one of the same kind, is not allowed, unless in very exceptional cases, and when applied for, the fact of the discharge of a previous rule of the same kind should always be mentioned and the special reasons for asking a second rule set forth. In default of this, the rule will be discharged without consideration of the merits: Mitchell *v.*

Weierbach v. Strauss.

Pierce, 1 W. N. C. 156. Where rules have been discharged through unavoidable failure of counsel to be present, or where, through misunderstanding, the court has been erroneously informed that the rule was abandoned, or where the situation of the parties has so changed as to show on the present state of facts a new and strong *prima facie* claim to the relief sought, a second rule is sometimes granted, but only in exceptional and very clear cases." It would thus seem plain that, as a matter of practice, the present rule should be discharged. The second question is, should the first rule also be discharged for want of diligence in prosecuting it? We have no court rule on this general subject, but the Supreme Court has indicated that we have power to order a *non pros.* to be entered in cases that have not been prosecuted with due diligence. Each case must depend on its merits. Without particularizing the special facts in the present case, except to say that they are complicated by the death of the late Judge Woodring, we do not think that the original rule should be discharged. The petitioner should be notified to take his depositions, and if he fails to do that, the matter can then be disposed of.

And now, Nov. 1, 1926, rule granted Feb. 8, 1926, is discharged.

From Henry D. Maxwell, Easton, Pa.